UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
THOMAS A. GRALEY,                          :
:      CASE NO. 1:14-CV-00728
Plaintiff,             :
:
v.                                         :      OPINION & ORDER
:      [Resolving Docs. 1, 18]
CAROLYN W. COLVIN,                         :
ACTING COMMISSIONER OF SOCIAL               :
SECURITY,                                  :
:
Defendant.             :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Thomas Graley seeks review of the Social Security Administration's ("SSA") denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Graley says that "new and material evidence" requires a remand to the SSA, and that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence.[2]

Magistrate Judge Limbert recommended that Graley's claim be dismissed with prejudice.[3] Graley has objected to Magistrate Judge Limbert's Report and Recommendation ("R&R").[4] For the following reasons, the Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's objections, and **DISMISSES** the complaint with prejudice.

---

[1] Doc. 1.
[2] Doc. 13.
[3] Doc. 17.
[4] Doc. 18. Defendant has also filed a response to these objections. *See* Doc. 19.

Case No. 1:14-cv-00728
Gwin, J.

# I. Background

On March 19, 2012, Plaintiff Graley filed for DIB and SSI, claiming a disability onset date of October 15, 2011.[5] After the SSA denied Graley's claims, he sought and received a hearing from an ALJ. The ALJ found that Graley had the following severe impairments: degenerative disc disease of the cervical spine; obstructive sleep apnea; headaches/migraines; diverticulitis; hypertension; left shoulder degenerative joint disease; anxiety disorder, NOS vs. post-traumatic stress disorder; major depressive disorder; and cannabis abuse.[6]

Nonetheless, on February 21, 2013, the ALJ concluded that Graley was not disabled. The ALJ acknowledged that Graley's impairments could cause the symptoms he described.[7] However, the ALJ found Graley's claims regarding the intensity, severity, persistence, and limiting effects of his symptoms to be inconsistent with the objective medical evidence.[8] As part of the record, Graley submitted a Department of Veterans Affairs ("VA") determination that he was 40% disabled as of 2007. The ALJ gave this determination "minimal weight" because Plaintiff worked at levels "greatly surpassing the limit of substantial gainful activity" until late 2011.[9]

The ALJ ultimately determined that Graley had the residual functional capacity to perform "light work" with some restrictions on overhead reaching. The ALJ proceeded to determine if there were significant jobs in the economy that Graley could work, given his restrictions. The Vocational

---

[5]Doc. 11 at 215-29.
[6]*Id*. at 18.
[7]*Id*. at 20. These symptoms included: back and neck pain, an inability to reach overhead or lift more than fifty pounds, sleeping for long periods, bouts of diarrhea five to six times a day, lack of motivation and concentration, and difficulty caring for himself. *Id*. at 39-51.
[8]*Id*. at 4-11.
[9]*Id*. at 24.

Case No. 1:14-cv-00728
Gwin, J.

Expert ("VE") testified that an individual with Graley's age, work-experience, education, and residual functional capacity with the stated restrictions could perform jobs in significant numbers in both the state and national economy.[10]

On August 12, 2013, six months after the ALJ issued her decision, the VA determined that Plaintiff had a 100% disability rating with an onset date of February 29, 2012.[11] Plaintiff sought to include this finding as evidence when the SSA's Appeals Council was reviewing the ALJ's decision. The Appeals Council added the VA determination to the record, but upheld the ALJ's decision.[12]

Plaintiff sought judicial review of the SSA's decision. Magistrate Judge Limbert recommended that Plaintiff's complaint be dismissed in full.[13] Plaintiff objects to the Magistrate Judge's recommendations on three grounds. First, that Magistrate Judge Limbert erred by finding that the VA disability rating was not "new and material" evidence.[14] Second, that Magistrate Judge Limbert incorrectly concluded that the ALJ had properly assessed Plaintiff's credibility.[15] Third, that Magistrate Judge Limbert erred because he found that the hypothetical questions the ALJ posed to the VE accurately portrayed Graley's limitations.[16]

## II. Legal Standards

The Federal Magistrates Act requires a district court to conduct *de novo* review of the

---

[10] *Id*. at 25-26.
[11] *Id*. at 744.
[12] *Id*. at 6.
[13] Doc. 17.
[14] Doc. 18 at 1.
[15] *Id*. at 4.
[16] *Id*. at 5.

Case No. 1:14-cv-00728
Gwin, J.

claimant's objections to a report and recommendation.[17] The Social Security Act provides for judicial review of any final determination of the Commissioner.[18] But, "findings of the Commissioner based on substantial evidence, shall be conclusive."[19] Substantial evidence is evidence that a reasonable mind would accept as adequate to support the challenged conclusion.[20] "If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion."[21]

Even so, a district court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[22] Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding.[23] Evidence is "material" if there is a reasonable probability that a different result would have been reached had it been introduced at the hearing.[24] "Good cause" is demonstrated by "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."[25]

### III. Discussion

---

[17] 28 U.S.C. § 636(b)(1).
[18] 42 U.S.C. § 405(g).
[19] *Id*.
[20] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).
[21] *Bass v. Comm'r of Soc. Sec.*, 499 F.3d 506, 509 (6th Cir. 2007).
[22] 42 U.S.C. 405(g) (commonly referred to as a Sentence Six Remand).
[23] *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483-84 (6th Cir. 2006).
[24] *Id*. at 484.
[25] *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Willis v. Sec'y for Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (per curiam)).

Case No. 1:14-cv-00728
Gwin, J.

**A. New and Material Evidence**

Plaintiff Graley objects to Magistrate Judge Limbert's recommendation that Graley's 100% VA disability rating should not be considered new and material evidence. In particular, Graley argues that Magistrate Judge Limbert's reliance on *Deloge v. Commissioner of Social Security*[26] was improper because the facts in Graley's case are so different that *Deloge* ought not control.

In *Deloge,* the Sixth Circuit found that a social security claimant was not entitled to the remand of his claim due to a subsequent VA determination that he was 100% disabled. The Sixth Circuit held that "[t]he fact of a subsequent favorable assessment is not itself new and material evidence under § 405(g); only the medical evidence that supported the favorable assessment can establish a claimant's right to remand."[27]

Graley is correct that the facts in his case are somewhat different. In *Deloge*, the SSA denied the claimant's application in 2005. The claimant received a 100% VA disability rating three years later.[26] In Graley's case, the VA and the ALJ were evaluating Graley's disability at the same time. Though the VA issued its finding after the ALJ made her decision on February 21, 2013, the VA found that the onset of Graley's disability was February 29, 2012. In short, the VA found that Graley was 100% disabled for at least some months in which the ALJ found him to have no disability. But this is not enough to satisfy the "new and material" standard.

The VA determination is not binding on the Commissioner.[27] Furthermore, the Sixth Circuit "has not set forth a specific standard regarding the weight the Commissioner should afford a 100%

---

[26] 540 Fed. App'x 517 (6th Cir. 2013) (per curiam).
[27] *Id*. at 519.
[26] *Id*. at 518.
[27] 20 C.F.R. § 404.1504; *Ritchie v. Comm'r of Soc. Sec.*, 540 Fed. App'x 508, 510 (6th Cir. 2013).

-5-

Case No. 1:14-cv-00728
Gwin, J.

disability determination by the VA."[28] Therefore, the ALJ could give the VA's subsequent disability rating little weight. Indeed, the ALJ in this case gave Graley's previous VA disability rating minimal weight. As a result, there is no reasonable probability that the outcome would be different on remand. Graley therefore cannot show that his new evidence is "material."

Furthermore, Graley has not attached any new medical records related to the VA determination, and has not pointed to any specific findings in the record that led to the VA determination. Both VA and SSA could rely on substantial evidence in the same record and reasonably come to opposite conclusions. Thus, Graley's first objection is **OVERRULED**.

**B. Credibility Determination**

Plaintiff Graley objects to the Magistrate Judge's recommendation that the ALJ's credibility determination was based on substantial evidence. Graley reiterates his position that objective medical evidence supports his claims and that the ALJ's finding that he had severe impairments cannot be reconciled with the finding that Graley was not disabled. Graley claims that the ALJ ignored the extensive list of diagnoses and treatment options that he undertook.[29]

"[C]ourts generally defer to an ALJ's credibility determination because, '[t]he opportunity to observe the demeanor of a witness, evaluating what is said in light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable and should not be discarded lightly.'"[30]

"No symptom or combination of symptoms can be the basis for a finding of disability, no

---

[28] *LaRiccia v. Comm'r of Soc. Sec.*, 549 Fed. App'x 377, 387 (6th Cir. 2013).
[29] Doc. 13 at 17.
[30] *Keeton v. Comm'r of Social Sec.*, 583 Fed. App'x 515, 531 (6th Cir. 2014) (quoting *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (second alteration in original).

Case No. 1:14-cv-00728
Gwin, J.

matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."[31]

The ALJ evaluated Plaintiff's statements regarding his pain and functional limitations and found them to be inconsistent with the objective medical evidence in the record.[32] An ALJ can conclude that severe impairments exist, but that these impairments do not disable a claimant.

The ALJ provided support for her decision to give lesser weight to Graley's own testimony. Graley complained to doctors of neck, back and shoulder pain, but did not make a claim to treating doctors about an inability to lift and reach.[33] The ALJ relied on the impressions and reports of the physicians in relation to those complaints which indicated that Graley only had mild symptoms.[34] The ALJ found Graley's testimony that he had diarrhea up to six times a day as a result of diverticulitis to conflict with physicians' notes indicating Graley was responding well to conservative treatment of the condition.[35]

Although Graley indicated that he had difficulty grooming, taking care of himself, and concentrating, the ALJ credited the impressions of examining physicians who had come to the opposite conclusion.[36] Furthermore, the ALJ found inconsistencies in Graley's own statements regarding his home life. Assessing daily activities is proper when an ALJ is making a credibility

---

[31] SSR 96-7p, 1996 WL 374186 (July 2, 1996).
[32] Doc. 11 at 20-24. For pain or other subjective complaints to be considered disabling, there must be (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain arising from that condition, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994).
[33] Doc. 11 at 385, 481, 484, 501, 551.
[34] *Id.* at 10.
[35] *Id.* at 116, 637.
[36] *Id.* at 429, 574, 738.

Case No. 1:14-cv-00728
Gwin, J.

determination.[37]

In conclusion, the ALJ relied on objective medical evidence in assessing Graley's credibility. The ALJ's decision to give Graley's testimony relatively little weight was therefore not erroneous. Thus, Graley's second objection is **OVERRULED**.

### C. Accurate Hypothetical

Plaintiff Graley's final objection is that the ALJ presented an incomplete hypothetical to the VE. Graley says the hypothetical did not properly take into account his own credibility and the new and material evidence of the VA disability determination.[38] Hypothetical questions the ALJ poses to the VE must accurately portray the claimant's physical and mental limitations in order to be considered as substantial evidence.[39]

However, Graley's third objection is simply another way of restating the first two. Because the VA disability determination was not new and material, and because the ALJ's credibility assessment was based on substantial evidence, the hypothetical posed to the VE was not incomplete. As a result, Graley's third objection is **OVERRULED**.

### IV. Conclusion

For the foregoing reasons the Court **ADOPTS** the recommendation of the Magistrate Judge, **OVERRULES** Plaintiff's objections, and **DISMISSES** the complaint with prejudice.

IT IS SO ORDERED.

Dated: June 26, 2015                              s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[37] 20 C.F.R. § 404.1529.
[38] Doc. 18 at 5.
[39] *Smith v. Halter*, 307 F.3d 377 (6th Cir. 2001).