UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

THOMAS A. GRALEY,

Plaintiff,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 1:14-CV-00728

OPINION & ORDER
[Resolving Docs. 20]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Thomas Graley moves the Court to alter or amend its June 26, 2015, opinion and order[1] in which the Court denied Graley's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2] Graley says the Court incorrectly concluded that his Department of Veterans Affairs ("VA") disability rating was not new and material evidence that justified a remand to the Social Security Administration ("SSA"). For the following reasons, the Court adheres to its ruling and **DENIES** Graley's motion to alter or amend.

## I. Background[3]

On February 21, 2013, an Administrative Law Judge ("ALJ") denied Graley's DIB and SSI applications. On August 12, 2013, six months after the ALJ issued her decision, the VA determined

[1] Doc. 20.
[2] Doc. 22.
[3] The underlying facts are laid out in greater detail in the Court's June 26, 2015, order, and in Magistrate Judge Limbert's Report and Recommendation. *See* Doc. 20; Doc. 17.

that Plaintiff had a 100% disability rating with an onset date of February 29, 2012.[4/]

Graley asked the SSA Appeals Council to review the ALJ's decision. As part of his request for review, Graley included a letter documenting his new VA disability rating. On February 11, 2014, the Appeals Council nonetheless denied Graley's request for review.

## II. Analysis

The crux of Graley's argument is that an unpublished Sixth Circuit opinion *LaRiccia v. Commissioner of Social Security*[5/] requires the Court to amend its earlier opinion. But this argument misses a crucial distinction between *LaRiccia* and Graley's case.

In *LaRiccia*, the applicant had a 100% VA disability rating before he applied for SSA benefits. The Sixth Circuit reversed the Commissioner's decision because the ALJ failed to adequately consider the rating in rendering his decision.[6/] SSA regulations require an ALJ to explain the consideration given to disability determinations from other agencies.

In Graley's case, the ALJ did not have Graley's updated VA disability rating when she rendered her decision. The updated rating was later submitted to the Appeals Council, but "evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review."[7/]

Indeed, "where the Appeals Council considers new evidence but declines to review a claimant's application for [] benefits on the merits, the district court *cannot* consider that new

[4/] *Id*. at 744.
[5/] 549 Fed App'x 377 (6th Cir. 2013).
[6/] *LaRiccia*, 549 Fed App'x at 388.
[7/] *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

evidence in deciding whether to uphold, modify, or reverse the ALJ's decision."[5]

Instead, the district court's review is limited to whether the claimant can show that new and material evidence warrants a remand.[6] The Court already performed this analysis, and concluded that Graley had not shown that the VA disability rating required a remand.[7]

Therefore, the Court adheres to its original ruling and **DENIES** Graley's motion to amend or alter the earlier opinion.

IT IS SO ORDERED.

Dated: August 13, 2015

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[5] *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (emphasis added).
[6] *Id*.
[7] Doc. 20 at 5-6.